## The Russell & Company *v.* Boody, Appellant.

*Sales—Personal property—Necessity for delivery—Written agreement of sale.*

In an action to recover on two promissory notes given by the defendant to the plaintiff in payment for a traction engine, wherein the defense is a failure of delivery, judgment is properly directed for the plaintiff where it appears that the engine belonged to the plaintiff and was in the possession of a lessee with power to purchase, that the lessee became financially involved and was in default in the payment of rent to the plaintiff, that he sold to the defendant all of his personal property and arranged with him for the transfer of the engine subject to the plaintiff's right thereto, that an agreement was signed by the defendant and lessee and sent to the plaintiff for acceptance, which provided, after a recital of the lease, the lessee's inability to pay and that an arrangement had been made with the defendant to transfer the engine to him, that the defendant should "take possession of and purchase the said engine with attachments and fixtures as above described, taking the same where it is and as it is," and give the plaintiff his notes in payment, and that, though there was no formal approval of the agreement by the plaintiff, the plaintiff had accepted defendant's notes given in accordance therewith. Under such a written agreement of sale actual delivery of the engine was not necessary.

Argued April 12, 1911. Appeal, No. 377, Jan. T., 1911, by defendant, from judgment of C. P. Columbia Co., Dec. T., 1907, Nos. 102 and 103, on verdict for plaintiff in case of The Russell & Company v. L. H. Boody. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Feigned issue to determine validity of judgment entered on promissory notes. Before EVANS, P. J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff by direction of the court for $2,163.60 and judgment thereon.  Defendant appealed.

*Error assigned* among others was in directing verdict for plaintiff.

*Fred Ikeler*, for the appellant.

*Grant Herring*, with him *Clinton Herring*, for appellee.

PER CURIAM, July 6, 1911:

This action was on two notes given by the defendant, L. H. Boody, to the plaintiff in payment for a traction engine.  The defense was a failure of delivery.  The engine belonged to the plaintiff and was in the possession of W. H. Stetler, the lessee, with the right to purchase. Stetler became financially involved and was in default in the payment of rent to the plaintiff.  He sold to the defendant all of his personal property and arranged with him for the transfer of the engine, subject to the plaintiff's right thereto.  The overwhelming weight of the testimony was that the defendant received possession of the engine, placed his engineer in charge of it, used it in his business, and exercised all the acts of complete ownership in relation to it.  This branch of the case and the rulings of the trial judge in relation to questions arising out of it need not be considered as we are of opinion that under the written agreement of sale actual delivery was not essential.

This agreement was signed by the defendant and Stetler and sent to the plaintiff for its acceptance.  It provided, after a recital of the lease to Stetler, his inability to pay and that an arrangement had been made with the defendant to transfer the engine to him, that the defendant should "take possession of and purchase the said engine with attachments and fixtures as above described, taking the same where it is and as it is" and give the plaintiff his notes in payment.  There was no formal approval of this agreement by the plaintiff but by its acceptance of

the defendant's notes it consented to the arrangement he had made with Stetler and gave up to him all its right and title to the engine. There was nothing more for the plaintiff to do. It had parted with its title on the faith of the arrangement the defendant had declared that he had made with Stetler. It follows that it was not error to direct a verdict for the plaintiff.

The judgment is affirmed.